**In re Robert W. MYERS, Trustee.**

**Misc. No. 392–304–H.**

United States Bankruptcy Court,
D. Oregon.

April 9, 1993.

Paul S. Cosgrove, Portland, OR, for trustee.

Pamela J. Griffith, Portland, OR, for U.S. Trustees.

## OPINION

**HENRY L. HESS, Jr., Chief Judge.**

This opinion follows the court's earlier opinion in this case dated and filed on November 13, 1992 and published at 147 B.R. 221 (Bankr.Or.1992). That opinion resulted from a dispute between the standing chapter 13 trustee for Portland, Oregon, Robert W. Myers ("Myers") and the Executive Office for United States Trustees ("EOUST"). Myers had been sued by a former employee of his office for alleged age discrimination. Myers incurred legal defense costs in defending the lawsuit. Myers sought to be reimbursed for these costs under 28 U.S.C. § 586(e)(2). The EOUST refused to allow the reimbursement and Myers sought court approval of the expenses.

In its earlier opinion, the court held that the determination of what constitute "actual, necessary expenses" under 28 U.S.C. § 586(e)(2)(B)(ii) was not left to the administrative agency, the EOUST. Instead, the court held the determination was one left to the judiciary.[1] After reviewing the facts and the law, the court held that the disputed expenses were "actual, necessary" expenses under the statute and should be reimbursed from excess trust funds to the extent they were reasonable. *Id.*

Alternatively, the court ruled that, even if the determination were left to the EOUST, that determination was governed by the Administrative Procedures Act ("APA"). The court further held that the

EOUST's denial of Myers's request was "arbitrary and capricious" under the APA and could not stand. Finally, the court gave the EOUST time to review the fee requests of Myers's counsel for reasonableness. *Id.*

Myers submitted a fee detail to the EOUST that included the fees and costs of his attorney in bringing this matter before the bankruptcy court. Thus, the question has arisen whether such legal expenses, as distinguished from the attorney fees and costs of defending the age discrimination lawsuit, are also reimbursable.

There appear to be no cases on this issue and the court must rule solely on the basis of the language of the statute and logic. The text of the relevant statutes and this court's analysis of 28 U.S.C. § 586(e) can be found in the court's prior opinion. See *In re Myers*, 147 B.R. 221 (Bankr.Or.1992). In sum, the issue again appears to be not whether the expenses in question are "actual" but whether they are "necessary."

In its prior opinion, this court concluded that the legal defense costs associated with defending the lawsuit were necessary. Having so concluded, it would be inconsistent to now hold that the legal fees and costs in establishing this fact were not also necessary. If the fees incurred by a standing trustee in successfully litigating a dispute with the EOUST over the functioning of his or her office were not reimbursable,

1. Support for this conclusion is found in the January, 1993 issue of *Norton Bankruptcy Law Adviser*, published shortly after the court issued its opinion. In that periodical there appeared an article entitled "The Original Intent of the United States Trustee System." The article was written by Richard B. Levin and Kenneth N. Klee, noted bankruptcy experts. In the late 1970's, Levin and Klee were, as they put it: "members of the staff of the House Judiciary Committee, responsible for drafting the Bankruptcy Reform Act." Norton Bankruptcy Law Adviser, Jan., 1993, No. 1, p. 2.

On page 4 of the article, Leven and Klee wrote the following:

Since the Subcommittee had concluded that *all disputes,* even those relating to matters of administration, should ultimately be decided in the judicial, not in the administrative, forum, the Subcommittee gave the United States

Trustee a role as a party in interest and litigant before the bankruptcy judge on administrative matters. (Emphasis added.) *Id.* at p.4.

Also see *In re BDT Farms, Inc.,* 150 B.R. 795 (Bankr.W.D.Ok.1993) which held that the bankruptcy court retains the power to review the actions of the Attorney General in setting the trustee's percentage fees under 28 U.S.C. § 586(e).

Support for the proposition that the Administrative Procedures Act applies to the U.S. Trustee's Office is found in *The U.S. Trustee's New Clothes: The Administrative Procedures Act Provides a Remedy,* by Kevin C. Gleason, in volume 9, number 1 of the 1993 issue of "NAB Talk", a publication of the National Association of Bankruptcy Trustees, 3008 Millwood Ave., Columbia, SC 29205.

it would be a serious, perhaps insurmountable, obstacle to litigating such disputes.[2]

Further, if the EOUST had simply approved Myers's request, none of the fees at issue herein would have been incurred. Finally, it seems especially compelling to allow the fees where the EOUST's actions were determined to be arbitrary and capricious and wholly unsupported in law or logic. *Id.*

The court believes that Myers's fees and costs associated with this motion flow logically and inevitably from the operations of the office of a standing trustee and the inappropriate actions of the EOUST in this case. For all the reasons stated herein and in its prior opinion, this court rules that the legal fees and costs in question should be reimbursed.

It appears there is no dispute over the amount of the fees and costs requested by either counsel for Myers. Therefore, Mr. Cosgrove is hereby directed to prepare and present an order allowing the reimbursement of the fees and costs in accordance with this opinion and the court's prior opinion referenced herein.

■ Should there be an appeal of the order entered in accordance with this opinion, the question would then arise as to whether the standing trustee's fees and expenses incurred in defending the appeal would be "actual, necessary" expenses for which he should be reimbursed. This question is not yet before the court. However, to be consistent with the reasoning of this opinion, the standing trustee should be reimbursed for the costs of such defense.

---

**2.** It could be argued that if the standing trustee were unsuccessful in a dispute with the EOUST, the fees and costs should not be allowed. But this issue will not arise unless the court should be reversed on appeal.